SMITHER and STOCKARD, Plaintiffs in Error, v. KEYS and LUCAS, Defendants in Error.

GAMING CONSIDERATION: JUDGMENT ON.—A judgment rendered upon a gaming consideration is absolutely void; and the creditor, at the instance of the trustees, will be enjoined from seeking satisfaction of it out of property conveyed by the debtor in trust for the payment of all his debts, and then for the benefit of his wife and children.

IN error to the chancery side of the Circuit Court of Lafayette county. Hon. P. T. Scruggs, judge.

*H. A. Barr*, for plaintiffs in error,
Cited Hutch. Code, 940; 12 S. & M. 571.

*J. F. Cushman, contrà*,
Cited Story, Eq. Pl. § 214; Mitf. E. Pl. 175, 6; Ad. Eq. 318; 1 Barb. Ch. Pr. 44; 1 Dan. Ch. Pr. 43; Ad. Eq. 301.

FISHER, J., delivered the opinion of the court.
Lucas recovered a judgment in the Circuit Court of Lafayette county, upon a note made by one Keys to Stockard. An execution having issued on this judgment against Stockard, was levied

upon certain property conveyed by him in trust to Smither and John P. Stockard, who enjoined proceedings under the execution, on the ground that the note was given for a gambling consideration.

The court below sustained a demurrer to the bill, from which judgment the cause comes into this court by writ of error.

It is contended that, admitting the judgment to be void, Stockard alone could take advantage of the objection, as the court could not, on the application of third parties, vacate the judgment. This last position is correct, but it is not necessary to vacate the judgment, to render it ineffectual. The parties claiming the property only insist that, as the judgment is void, it ought not to be enforced against their property, or property which they hold in trust. To this extent the court can, and ought to grant relief. The judgment is clearly void under the provisions of the statute. Hutch. Code, 940.

Decree reversed, demurrer overruled, injunction reinstated, and cause remanded.